UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SANDRA K. BRYSON and )
LIBERTY BRYSON, )
)
    Plaintiffs )
) No. 3:12-0110
v. ) Judge Nixon/Brown
) **Jury Demand**
UNITED STATES OF AMERICA, )
)
    Defendant )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

    **1. Jurisdiction and Venue.** This case was originally filed in the United States District Court for the Western District of Kentucky (Paducah Division), Case No. 5:11CV-163R. On January 25, 2012, this case was transferred to the United States District Court for the Middle District of Tennessee.

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343 which provides jurisdiction over a civil rights claim and 28 U.S.C. § 1331 as this matter involves a federal question and is being brought pursuant to 42 U.S.C. § 1983.

    **2. Plaintiff's Theory of the Case.** Sandra Bryson underwent at CT Scan on or about February 23, 2007 that was interpreted by radiologist Dr. Phillip Brooks, affiliated with Blanchfield Army Community Hospital. The CT Scan revealed a tumor in Ms. Bryson's lower abdomen that was not reported by Dr. Brooks.

In July 2008, Sandra Bryson underwent a colonoscopy that revealed significantly advanced colon cancer. Had the tumor been identified by Dr. Brooks in the February 2007 CT Scan and medical treatment instituted, her course of treatment would have been much less complicated and her cancer not as advanced. Plaintiffs seek damages for the harm caused by Dr. Brook's negligence.

       **3. Defendants' Theory of the Case.** The defendant denies that the CT scan taken on or about February 23, 2007, "revealed a tumor" in Ms. Bryson's lower abdomen, and specifically denies that Dr. Brooks' reading and interpretation of this CT scan was a breach of the standard of care. Further, even assuming that Dr. Brooks' reading and interpretation was a breach of the standard of care, the defendant denies that it was the causation of the plaintiffs' alleged damages.

       **4. Identification of the Issues.**

       A. Whether Dr. Brooks breached the standard of care in his reading and/or interpretation of the CT scan taken on or about February 23, 2007?

       B. Whether, assuming a breach of the standard of care, said breach caused Ms. Bryson to suffer harm and, if so, what are her damages?

       **5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.** None at this time.

**6. Witnesses (if known, subject to supplementation by each party).**

A. Sandra Bryson;

B. Liberty Bryson;

C. Phillip Brooks, M.D., Blanchfield Army Community Hospital, Fort Campbell, Kentucky;

D. Alexander Parikh, M.D., Vanderbilt Medical Center, 2220 Pierce Avenue, Preston Research Building, Nashville, TN 37232;

E. Jordan Berlin, M.D., Vanderbilt Medical Center, 1903 Vanderbilt Clinic, Nashville, TN 37232;

F. Jeff Landman, M.D., Hillsboro Imaging, 1909 Acklen Avenue, Nashville, TN 37212;

G. Terrance Stone, M.D., Blanchfield Army Community Hospital, Fort Campbell, Kentucky;

H. Bryce Mays, M.D., Blanchfield Army Community Hospital, Fort Campbell, Kentucky;

I. Defendant's expert witnesses, to be disclosed at the appropriate time.

**7. Initial Disclosures and Staging of Discovery.**

**A. Rule 26(a)(1) Disclosure.** The plaintiff has made their Rule 26(a)(1)(A) through (E) disclosures. The defendant shall make its disclosures within **30 days** from the date of the initial case management conference.

**C. Discovery.** All discovery shall be completed by the close of business on **November 30, 2012**. All written discovery

3

Case 3:12-cv-00110 Document 33 Filed 04/04/12 Page 3 of 6 PageID #: 116

shall be submitted in sufficient time so that the response shall be in hand by **October 31, 2012**.

By the close of business on **August 30, 2012**, the plaintiff shall declare to the defendants (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **October 1, 2012**, the defendants shall declare to the plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on December 15, 2012. There shall not be any rebuttal expert witnesses.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and unable to resolve their differences, have scheduled and participated in a conference call with Magistrate Judge Brown  The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

    **8. Dispositive Motions.** All dispositive motions and *Daubert* motions shall be filed by the close of business on **January 15, 2013**, and any response thereto shall be filed by the close of business on **February 15, 2013** (**30 days** after the date the motion is filed). Any reply shall be filed by the close of business on **March

4

**1, 2013** (**14 days** after the date the response is filed). If dispositive motions are filed early, the response and reply dates are moved up accordingly. Absent Court approval, responses to dispositive motions, if any, are limited to **25 pages** and replies, if any, are limited to **five pages**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

    **9. Other Deadlines.** None at this time.

    **10. Alternative Dispute Resolution.** This matter will be discussed by the parties.

    **11. Consent to trial before the Magistrate Judge.** The parties do not consent to a trial before the Magistrate Judge.

    **12. Subsequent case management conferences.** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **August 6, 2012, at 1:00 p.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

    **13. Trial date.** The parties estimate that this bench trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this

5

matter is set for a jury trial on **June 18, 2013**, **at 9:00 a.m.** The final pretrial conference will be held on **May 31, 2013, at 10:00 a.m..** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

6

Case 3:12-cv-00110   Document 33   Filed 04/04/12   Page 6 of 6 PageID #: 119